IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN EDWARDS and MARSHA ALLEN-EDWARDS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELENE FINANCE LP,<br><br>Defendant. | Case No. 1:18-cv-04419 |

**CLASS ACTION COMPLAINT**

NOW COME Plaintiffs, BRYAN EDWARDS and MARSHA ALLEN-EDWARDS, individually, and on behalf of all others similarly situated, by and through their attorneys, Joseph S. Davidson and Mohammed O. Badwan, of SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, SELENE FINANCE LP:

**NATURE OF ACTION**

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiffs, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

**JURISDICTION, PARTIES AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff' FDCPA claims.

1

3. BRYAN EDWARDS and MARSHA ALLEN-EDWARDS ("Bryan" individually, "Marsha" individually, "Plaintiffs" collectively) are natural persons, who at all times relevant resided in this judicial district.

4. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) as they are natural persons obligated or allegedly obligated to pay a debt.

5. SELENE FINANCE LP ("Defendant") is a foreign limited partnership with its principal place of business in Houston, Texas.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

7. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

9. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

10. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. On May 15, 2010, Plaintiff executed a mortgage (the "Mortgage") in favor of Bank of America, N.A. ("BANA").

12. The Mortgage secured the purchase of Plaintiffs' personal residence located at 1504 Perry Street, Crete, Illinois 60417 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a Note in the amount of $277,500.00 (the "Note").

14. The Note provides for late fees when a full monthly payment has not been made within fifteen calendar days after the payment is due.

15. On or before October 1, 2016, Plaintiffs defaulted on the Mortgage by failing to make full monthly payments.

16. On November 18, 2016, Plaintiffs initiated a bankruptcy case in the Northern District of Illinois by filing a petition for relief under Chapter 13 of the Bankruptcy Code.

17. The schedules filed by Plaintiffs listed BANA on Schedule D: Creditors Who Have Claims Secured by Property.

18. A true and correct representation of Plaintiffs' Schedule D is shown below:

**Official Form 106D**
**Schedule D: Creditors Who Have Claims Secured by Property** — 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| 2.1 | **Bank of America**<br>Creditor's Name<br><br>Nc4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27410<br>Number, Street, City, State & Zip Code<br><br>Who owes the debt? Check one.<br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>■ Debtor 1 and Debtor 2 only | Describe the property that secures the claim:<br>1504 Perry St. Crete, IL 60417 Will County<br>Value according to www.zillow.com<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Nature of lien. Check all that apply.<br>☐ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien) | $246,757.00 | $185,494.00 | $61,263.00 |

19. The plan filed by Plaintiffs provided "Debtors shall surrender [the Property] to BANA."

20. Notice of Plaintiffs' bankruptcy case was sent to BANA by electronic transmission by the Bankruptcy Noticing Center on November 22, 2016.

21. Moreover, notice of Plaintiffs' bankruptcy case was sent to BANA at 4909 Sevarese Cir., Tampa, Florida 33634 by the Bankruptcy Noticing Center on November 23, 2016.

22. A true and correct representation of the Certificate of Notice is shown below:

```
In re:                                                          Case No. 16-36747-BWB
Bryan Edwards                                                   Chapter 13
Marsha Allen-Edwards
        Debtors              CERTIFICATE OF NOTICE

District/off: 0752-1      User: rgreen          Page 1 of 1          Date Rcvd: Nov 21, 2016
                          Form ID: 309I         Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 23, 2016.
db/jdb         +Bryan Edwards,   Marsha Allen-Edwards,   1504 Perry St.,   Crete, IL 60417-3301
tr             +Glenn B Stearns,   801 Warrenville Road Suite 650,   Lisle, IL 60532-4350
25105271       +Aes/pheaafrn,   Po Box 61047,   Harrisburg, PA 17106-1047
25105273       +Bank of America,   4909 Savarese Cir.,   Tampa, FL 33634-2413
25105276       +Darvin Furniture,   15400 S. LaGrange Rd.,   Orland Park, IL 60462-4799
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: jdavidson@sulaimanlaw.com Nov 22 2016 01:57:23      Joseph S Davidson,
                 Sulaiman Law Group, Ltd.,   900 Jorie Boulevard,   Suite 150,   Oak Brook, IL  60523
ust            +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Nov 22 2016 01:58:31      Patrick S Layng,
                 Office of the U.S. Trustee, Region 11,   219 S Dearborn St,   Room 873,
                 Chicago, IL 60604-2027
25105272       +EDI: BANKAMER.COM Nov 22 2016 01:28:00      Bank of America,   Nc4-105-03-14,   Po Box 26012,
                 Greensboro, NC 27420-6012
```

23. On June 13, 2017, Plaintiffs were granted a discharge under section 1328(a) of the Bankruptcy Code.

24. Plaintiffs' discharge eliminated any personal liability on the indebtedness owed BANA and secured by the Property.

25. A true and correct representation of Plaintiffs' Order of Discharge is shown below:

### Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Bryan Edwards                           Marsha Allen−Edwards

If the trustee has filed and served a notice pursuant to Bankruptcy Rule 3002.1(f), and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

June 13, 2017                    **For the court:**    Jeffrey P. Allsteadt, Clerk
                                                       United States Bankruptcy Court

26. Notice of Plaintiffs' discharge was sent to BANA by electronic transmission by the Bankruptcy Noticing Center on June 14, 2017.

27. Moreover, notice of Plaintiffs' discharge was sent to BANA at 4909 Sevarese Cir., Tampa, Florida 33634 by the Bankruptcy Noticing Center on June 15, 2017.

28. A true and correct representation of the Certificate of Notice is shown below:

```
In re:                                                           Case No. 16-36747-PSH
Bryan Edwards                                                    Chapter 13
Marsha Allen-Edwards
        Debtors                    CERTIFICATE OF NOTICE

District/off: 0752-1          User: froman              Page 1 of 2         Date Rcvd: Jun 13, 2017
                              Form ID: 3180W            Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2017.
db/jdb         +Bryan Edwards,   Marsha Allen-Edwards,   1504 Perry St.,   Crete, IL 60417-3301
25105271       +Aes/pheaafrn,   Po Box 61047,   Harrisburg, PA 17106-1047
25105273       +Bank of America,   4909 Savarese Cir.,   Tampa, FL 33634-2413
25426016       +Cavalry Spv I, LLC,   Bass & Associates, P.C.,   3936 E. Ft. Lowell Road, Suite #200,
                 Tucson, AZ 85712-1083
25260208       +Citibank,   Citicorp Credit Srvs/Centralized,   Bankrup,   Po Box 790040,
                 Saint Louis, MO 63179-0040
25105276       +Darvin Furniture,   15400 S. LaGrange Rd.,   Orland Park, IL 60462-4799
25167772       +PHEAA,   PO Box 8147,   Harrisburg, PA 17105-8147
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
25105272       +EDI: BANKAMER.COM Jun 14 2017 00:34:00      Bank of America,   Nc4-105-03-14,   Po Box 26012,
                 Greensboro, NC 27420-6012
25345655        EDI: BANKAMER.COM Jun 14 2017 00:34:00      Bank of America, N.A.,   PO BOX 31785,
                 Tampa FL 33631-3785
```

29. BANA accelerated all the payments owing under the Note, and on July 19, 2017 initiated mortgage foreclosure proceedings.

30. Once the loan is accelerated, there were no further monthly payments due and BANA was therefore no longer required to incur administrative expense in handling late payments.

31. It would follow then that Plaintiff could never have "failed" to make post-acceleration payments.

32. On or before February 8, 2018, BANA transferred the servicing rights to the Mortgage to Defendant.

33. On February 8, 2018, Defendant provided Plaintiffs with a Validation of Debt Notice.

34. The Validation of Debt Notice said:

"Our records show that the current amount of the debt securing the above referenced loan is $277,115.67. *** Because of interest, *late charges*, and other charges that may vary from day to day, the amount due on the day you pay may be greater." (emphasis added).

35. A true and correct representation of the Validation of Debt Notice is shown below:

> **VALIDATION OF DEBT NOTICE**
>
> Dear Mortgagor(s):
>
> 1. As of 02/08/2018, our records show that the current amount of the debt securing the above referenced loan is $277,115.67. Your current payment amount is $2,361.86 which is due for 10/01/2016. This debt consists of principal, interest, and, if applicable, advanced amounts for taxes, insurance and other loan charges. Because of interest, periodic escrow payments for taxes and/or insurance, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. For additional information, including a payoff quote, please contact our office by mail, phone, or through our website.

36. A true and correct representation of the Validation of Debt Notice is attached as Exhibit A.

37. At no time, did Plaintiffs invoke their right under the Mortgage to reinstate.

38. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveys information regarding the debt owed directly to Plaintiffs.

39. Exhibit A attempted to collect monies owed by Plaintiffs on the Note.

40. By transmitting Exhibit A to Plaintiffs, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

41. On February 15, 2018, Defendant provided Plaintiffs with a Mortgage Statement.

42. The Mortgage Statement, included a payment coupon, and provided, pertinently:

**Total Amount Due**

**Due By 03/01/2018: $46,039.56**

*If payment is received after 03/16/2018, a maximum of $76.62 late fee may be charged.*

6

43.  A true and correct representation of the Mortgage Statement is shown below:



44.  A true and correct representation of the Mortgage Statement is attached as Exhibit B.

45.  Exhibit B is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveys information regarding the debt owed directly to Plaintiffs.

46.  Exhibit B attempted to collect monies owed by Plaintiffs on the Note.

47.  By transmitting Exhibit B to Plaintiffs, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

48.  On May 2, 2018, Marsha obtained her Equifax and TransUnion Credit Reports to discover that on April 5, 2018, Defendant furnished inaccurate information.

49.  Specifically, Marsha discovered that Defendant furnished a "monthly payment," a "balance," and a 120-149 days late "status" – *post-discharge*.

50. A true and correct representation of Marsha's Equifax Credit Report is shown below:

**SELENE FINANCE LLC** — $279,128

**Account Details**

| | |
|---|---|
| Last Reported | Apr 05, 2018 |
| Creditor Name | SELENE FINANCE LLC |
| Account Type | Conventional Real Estate Mortgage |
| Account Status | Closed |
| Opened Date | May 15, 2010 |
| Closed Date | — |
| Limit | — |
| Term | 360 Months |
| Monthly Payment | $2,234 |
| Responsibility | Joint Account |
| Balance | $279,128 |
| Highest Balance | $277,500 |
| Payment Status | 120-149 Days Late |
| Worst Payment Status | — |
| Date of Last Payment | — |
| Amount Past Due | $42,303 |
| Times 30/60/90 Days Late | 0/0/0 |
| Remarks | Foreclosure process started / 180 Days past due / Fixed rate |

**Payment History**

Latest Status: 120-149 Days Late

2018
2017
2016
2015
2014
2013
2012

J F M A M J J A S O N D

Unknown

51. A true and correct representation of Marsha's TransUnion Credit Report is shown below:

| SELENE FINAN | | $279,128 |
|---|---|---|

| Account Details | | Payment History |
|---|---|---|
| Last Reported | Apr 05, 2018 | Latest Status: 120-149 Days Late |
| Creditor Name | SELENE FINAN | No payment history has been reported by this creditor. |
| Account Type | Conventional Real Estate Mortgage | Creditor Contact Details |
| Account Status | Open - Derogatory | SELENE FINANCE |
| Opened Date | May 15, 2010 | 9990 RICHMOND 100 |
| Closed Date | — | HOUSTON, TX |
| Limit | — | 77042 |
| Term | 360 Months | (713) 625-2026 |
| Monthly Payment | $2,234 | |
| Responsibility | Joint | |
| Balance | $279,128 | |
| Highest Balance | $277,500 | |
| Payment Status | 120-149 Days Late | |
| Worst Payment Status | 120-149 Days Late | |
| Date of Last Payment | — | |
| Amount Past Due | $42,303 | |
| Times 30/60/90 Days Late | 0/0/0 | |
| Remarks | Foreclosure initiated | |

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692e

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. The indebtedness allegedly owed is a "debt" as defined by 15 U.S.C. § 1692a(5).

54. If late charges are tied to overdue monthly payments, the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003)

55. While the Note provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

56. Defendant's statement that "the amount due on the day you pay may be greater" because of late charges is deceptive, false, and misleading once the loan is accelerated and Plaintiffs have failed to reinstate the Mortgage and the Note.

57. A demand for immediate payment while a debtor is in bankruptcy is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

58. Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in the Validation of Debt Notice mailed to Plaintiffs as to the amount of debt owed by Plaintiffs – as the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

59. Defendant violated 15 U.S.C. § 1692e(2) by sending Exhibit B, as it falsely represented that Plaintiffs' Mortgage was due despite Plaintiffs' discharge.

60. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Note when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

61. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information known or which should be known to be false to Equifax and TransUnion.

62. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Note when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

63. Defendant violated 15 U.S.C. § 1692e(10) by sending Exhibit B, as it used false representations in asserting that Plaintiffs' Mortgage was due despite Plaintiffs' discharge.

64. Accordingly, Defendant violated 15 U.S.C. § 1692e, e(2), e(5), e(8), and e(10); and therefore Plaintiffs are entitled to recover damages and costs of the action, together with a reasonable attorney's fee.

65. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e, e(2), e(5), e(8) and e(10);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), e(5), e(8), and e(10);

C. an award of any actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

66. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

67. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

### A. Numerosity.

68. On information and belief, Defendant mailed this Notice out to Illinois residents on no less than 40 occasions.

69. The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

### B. Typicality.

70. Plaintiffs' claims are typical of the claims of other members of the Putative Class.

71. On information and belief, Defendant's business records will show that they mailed this Notice to borrowers on behalf of multiple lenders.

72. Plaintiffs' claims are typical of members of the Putative Class because Plaintiffs and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

### C. Commonality and Predominance.

73. There are common questions of fact and law with the claims of Plaintiffs and the Putative Class.

74. These common questions of fact and law are whether Defendant threatened the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Note when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

75. These common questions of fact and law are subject to common proof through review of Defendant's business records.

76. These common questions of fact and law are answerable for the entirety of the Putative Class.

77. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

### D. Superiority and Manageability.

78. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

79. Joinder of all parties is impracticable.

80. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

81. Even if individual members of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

82. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

83. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation.**

84. Plaintiffs will adequately and fairly represent and protect the interests of the Putative Class.

85. Plaintiffs have retained counsel competent and experienced in consumer class actions.

86. Plaintiffs have no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiffs.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Violation of 15 U.S.C. § 1692e

87. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

88. If late charges are tied to overdue monthly payments, the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

96. While the Note provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

97. Defendant's statement that "the amount due on the day you pay may be greater" because of late charges is deceptive, false, and misleading once the loan is accelerated and members of the Putative Class have failed to reinstate the Mortgage and the Note as it creates the false impression that members of the Putative Class are liable for late fees that are no longer able to be charged.

98. Defendant violated 15 U.S.C. §§ 1692e and e(2) by making deceptive, false, or misleading representations in the Notice mailed to members of the Putative Class as to the amount of debt owed by members of the Putative Class – as the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

99. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Note when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

100. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Note when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

101. Accordingly, Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10); and therefore members of the Putative Class are entitled to recover damages and costs of the action, together with reasonable attorney's fees.

102. As set forth above, Plaintiffs can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

103. The Putative Class is defined as follows:

All natural persons residing in the State of Illinois who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter as the letter attached hereto as Exhibit A (c) providing "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (d) where the amount sought represents an acceleration of indebtedness and (e) where the borrower(s) did not invoke their right under the Mortgage to reinstate.

104. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiffs and Counsel for Defendant.

105. Members of the Putative Class will be identified through discovery of Defendant's business records.

106. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiffs, on behalf of members of the Putative Class request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiffs as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. § 1692e, e(2), e(5), and e(10);

C. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e, e(2), e(5), and e(10);

D. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

June 26, 2018                                                                        Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Bryan Edwards and Marsha Allen-Edwards*